UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP SMITH,

        Petitioner,

v.                                            CASE NO. 08-12887
                                             HONORABLE VICTORIA A. ROBERTS

HUGH WOLFENBARGER,

        Respondent.
        _____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Phillip Smith has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's 1990 state court conviction and sentence of sixty to ninety years for second-degree murder. Petitioner challenged the same conviction in an earlier petition. In that case, a United States Magistrate Judge recommended that the habeas petition be dismissed because Petitioner's sole claim that the prosecution withheld exculpatory evidence lacked merit. United States District Judge Paul D. Borman accepted the magistrate judge's report and recommendation as his findings and conclusions and then entered judgment for the respondent. *See Smith v. Trippett*, No. 96-73411 (E.D. Mich. Mar. 21, 1997). The United States Court of Appeals for the Sixth Circuit denied Petitioner's subsequent motion for a certificate of appealability. *See Smith v. Trippett*, No. 97-1438 (6th Cir. Aug. 8, 1997).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This

requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not acquired permission to file a second or successive habeas petition. Accordingly, the Clerk of Court is ordered to transfer this case to the Sixth Circuit Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 23, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner and pro se petitioner by electronic means or U.S. Mail on July 23, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk

---

[1] Section 1631 provides in pertinent part that:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.